IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALFRED MILTON RIVERA, | ) |
| | ) |
| Petitioner, | ) |
| | )  1:12CV1226 |
| v. | )  1:01CR75-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Alfred Milton Rivera, a federal prisoner, filed what the Court treated as a Motion [Doc. #106][1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as well as a Supplement [Doc. #116]. Petitioner was convicted in this Court of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). That conviction resulted in a sentence of life imprisonment without parole, which represented the statutory mandatory minimum based on an Information of Prior Conviction filed by the Government under 21 U.S.C. § 851. In his Motion, Petitioner contends that the convictions used as the predicate offenses for the § 851 enhancement are no longer valid predicate offenses following the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

---

[1]This and all further cites to the record are to the criminal case.

1

The Government filed a Motion to Dismiss [Doc. #112], which correctly argues that the Court lacks jurisdiction to consider Petitioner's Motion under § 2255 because Petitioner filed a previous § 2255 Petition and has not received authorization from the Court of Appeals for the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h). The Court notes that notwithstanding this provision, relief pursuant to 28 U.S.C. § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of their detention. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). It is beyond question, however, that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Jones, 226 F.3d at 333 (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A contrary rule would effectively nullify the gatekeeping provisions of § 2255. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)).

In this case, Petitioner's claim is without merit in any event. Under § 841(b)(1)(A), Petitioner was subject to a mandatory sentence of life imprisonment if previously convicted of two "felony drug offenses." Such offenses are defined as offenses which are "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Here, the Information relied upon an October 13, 1992, conviction obtained in Forsyth County, North Carolina, for possession with intent to sell and deliver marijuana, and a February 28,

2

1994, conviction obtained in Forsyth County for possession of cocaine. Both state court judgments state that the crimes carry a presumptive term of two years imprisonment and a maximum term of five years imprisonment. Petitioner received five-year sentences in both cases. (Motion to Dismiss, Attachs. 3, 4.) Both convictions occurred prior to October 1, 1994, the effective date of North Carolina's Structured Sentencing Act, which was the statutory sentencing scheme discussed in Simmons. Petitioner's convictions were instead obtained under North Carolina's Fair Sentencing Act, which was in effect prior to that date. Under the Fair Sentencing Act, Petitioner faced a presumptive term of two years of imprisonment, or well more than one year. See United States v. Thompson, 480 F. App'x. 201, 204 (4th Cir. 2012) (unpublished) (discussing the Fair Sentencing Act generally). Further, Petitioner received a suspended sentence for the marijuana conviction, but this would not affect the determination. Thompson, 480 F. App'x at 204 (stating "the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment"); United States v. Swann, 526 F. App'x 265 (4th Cir. 2013) ("In his pro se brief, Swann appears to argue that, because his sentence was suspended, it did not qualify as a predicate offense. However, a qualifying predicate felony is one for which Swann himself could have been sentenced to a prison term exceeding one year. It is not required that Swann was actually sentenced to serve (or did in fact serve) over one year."); United States v. Harris, 458 F. App'x 297 (4th Cir. 2011). Here, Petitioner was subject to a presumptive term of two years imprisonment for each offense. Therefore, both predicate offenses remain felonies under Simmons, the § 851 enhancement is still valid, and Respondent's Motion to Dismiss should be granted.

IT THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #112] be granted, that Petitioner's Motion [Doc. #106] to vacate, set aside or correct sentence be dismissed, and that this action be dismissed.

This, the 15th day of September, 2015.

                                          /s/ Joi Elizabeth Peake
                                          United States Magistrate Judge

4

Case 1:01-cr-00075-JAB   Document 117   Filed 09/15/15   Page 4 of 4